[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUPPORT AND DEFENDANT'S MOTION FOR CONTEMPT
This court has previously ordered that the plaintiffs motion for support should be retroactive to November of 1997. The parties are in dispute as to how to calculate the amount of support owed by the defendant to the plaintiff. The claim of the plaintiff for the months of November and December, 1997 is that the defendant owes to her support in the amount of $4 per week under the child support guidelines that were in effect at that time. This court ruled that in view of the minuscule amount involved for November and December, 1997, and the length of time and costs that would be involved to the parties to litigate that amount, that no order would be entered regarding November and December, 1997. The real dispute between the parties has to do with the calendar year 1998. The plaintiff claims that for the calendar year 1998, that in determining the amount of income for the defendant, that the court should include an IRA distribution that the defendant received in the calendar year 1998. This court rules that under the child support guidelines in effect in 1998, that the IRA distribution to the defendant should not be considered in determining support under the child support guidelines. The recommended support order for the calendar year 1998, by including the IRA distribution would be $152 weekly, and the recommended support order for the calendar year 1998 by excluding the IRA distribution would be $128.80 weekly. The court is applying the $128.80 weekly amount. weekly support order that would have been entered by the court in the event the IRA distribution for the calendar year were included would have been $152 weekly. The court further finds that during the calendar year 1998, that the defendant paid to the plaintiff $64.48 weekly. The deficiency for the calendar year 1998 amounts to $3344.64.
During the calendar year 1999, the new child support guidelines became effective as of August 1, 1999. The court finds that the amount of support due under the old guidelines for the period of January 1, 1999 to August 1, 1999 is $114 weekly, and that the amount of support due for the period of August 1, 1999 to December 31, 1999 is $105 weekly. The court further finds that for the period of January 1, 1999 to August 15, 1999, that the defendant paid to the plaintiff, support in the amount of $64.48 weekly. The court finds that the total arrearage for the calendar year 1999 is $3666.64.
The defendant did not pay any support for the calendar year 2000. The court finds that under the child support guidelines that the amount of support due is $132.30 weekly. The defendant's current monthly commuting expenses are as follows: (a) parking $40; (b) Amtrak $832; (c) Path train CT Page 6518 $42; (d) gas $170. The court finds that the defendant has extraordinary commuting expenses from his home to his place of employment, and is therefore reducing the recommended guideline support from $132.30 per week to $116 per week effective January 1, 2000. The court therefore finds that as of April 14, 2000, the total arrearage on support for the calendar year 2000 is $1740.
The defendant has also filed a motion for contempt for failure of the plaintiff to comply with that portion of the separation agreement requiring her to fund a $30,000 trust.
The court finds that the plaintiff has failed to comply with the separation agreement regarding funding the trust. The court further finds that as of April 19, 2000, the plaintiff has paid $13,000 into the trust.
 ORDERS
The court enters the following orders:
1. The plaintiff is ordered to pay into the trust each weekly support payment that she receives from the defendant. The defendant is ordered to pay the arrearage of $8751.28 at the rate of $23 per week. The $23 weekly payments are to be made by the defendant to the trust. No interest is to be paid on the support arrearage provided the defendant remains current in the orders entered by this decision. The order for each party to pay to the trust terminates when the trust is funded with $30,000. Thereafter, the plaintiff has a right to retain the support payments that she receives from the defendant, and the defendant is to make payments on the arrearage directly to the plaintiff.
2. The defendant is also to pay to the plaintiff 37 percent of qualifying day care costs. The qualifying day care costs are to be paid directly to the plaintiff and she does not have to pay those amounts to the trustee.
3. The defendant is ordered to notify the plaintiff within thirty days by registered mail return receipt or certified mail return receipt in the event he changes his job or changes his address with notification as to include the new employment address and/or the new residence address.
4. The parties are ordered to exchange copies of their federal or state income tax returns within thirty days after such returns have been filed by registered mail return receipt or certified mail return receipt for so long as there is an outstanding support order or any outstanding support arrearage. CT Page 6519
5. The defendant has a right to claim the minor child as an exemption for federal or state income tax purposes for each odd year in which he is current in all of the orders entered herein.
Axelrod, J.